IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

VINCENT HUSSEY                                                                                    PLAINTIFF
ADC #109212

V.                                    NO.  5:04CV00034 JWC

CHARLOTTE GREEN, et al                                                                    DEFENDANTS

MEMORANDUM OPINION AND ORDER

On July 25, 2005, Defendant Byus filed a motion to dismiss (or, in the alternative, a motion for summary judgment) and brief in support (docket entries #80, #81) seeking to dismiss Plaintiff's complaint on the grounds that he cannot be held vicariously liable for the alleged actions of Correctional Medical Services, Inc. ("CMS") employees.  By order entered August 1, 2005 (docket entry #83), Plaintiff was notified of his opportunity to file a responsive pleading opposing Defendant's motion.  In addition, Plaintiff was advised that since Defendant had attached evidence to his motion, the Court could construe it as a motion for summary judgment.  See Country Club Estates, L.L.C. v. Town of Loma Linda, 213 F.3d 1001, 1005 (8th Cir. 2000).[1]  Plaintiff was therefore advised that his response to Defendant's motion could include opposing or counteraffidavits, executed by him or other persons, which had either been sworn to under oath or declared to under penalty of perjury in accordance with 28 U.S.C. § 1746.  Pursuant to Local Rule 56.1 of the Rules of the United States District Court for the Eastern District of Arkansas, Plaintiff was also advised to file a separate, short and concise statement setting forth the facts which he thought

---

[1] "Under Rule 12(b), if, on a motion to dismiss, a party submits to the court material outside the motion, and the court does not exclude this material, the motion then becomes a motion for summary judgment under Rule 56 . . . . a party against whom this procedure is used . . . is normally entitled to notice that conversion is occurring.  Only if he has such notice can he understand that the burden will be on him to produce affidavits, not merely allegations in pleadings, to rebut what has become a motion for summary judgment.  The general rule in this Circuit is that "strict compliance" with this notice procedure is required."

need to be decided at a trial. Plaintiff has timely filed a response and brief in opposition to Defendant's motion (docket entries #85, #86). For the reasons that follow, Defendant's motion will be granted and Plaintiff's claims against him dismissed with prejudice.

## I. Background

Plaintiff suffers from glaucoma and is exempt from all duties that require peripheral vision. Plaintiff asserts that he was denied his chronic care medication (eye drops) between April 3, 2003, and July 3, 2003. Even after he notified medical personnel and former Defendant Mobley of this denial through the grievance procedure, he was denied some of his medication again between October 13, 2003, and November 6, 2003.[2] In addition, Plaintiff asserts that his tinted sunglasses were stolen in May 2003, and were not replaced until August 2003, and that he was wrongfully placed on field duty against medical restrictions.

## II. Standard

Summary judgment[3] is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The Court must view the evidence in the light most favorable to the nonmoving party, giving him the benefit of all reasonable factual inferences. Reed v. ULS

---

[2] Apparently, Plaintiff's prescriptions should be refilled at two-week intervals (see docket entry #39).

[3] The Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of the plaintiff's pleadings before the defendant's answer is due. However, if a 12(b)(6) motion is based on evidence outside the pleading, the motion may be converted to a motion for summary judgment. Id. 12(b). Generally, if the court considers the evidence, the motion must be converted to a motion for summary judgment. Id. Because Defendant Byus included attached evidence to his motion which the Court relies upon, and since Plaintiff has responded to Defendant's motion (and attached evidence himself which the Court relies on) thus negating any potential claim of unfair surprise, Defendant Byus' motion will be construed as one for summary judgment. Id. 56.

Corp., 178 F.3d 988, 990 (8th Cir. 1999). A moving party is entitled to summary judgment if the nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he will have the burden of proof at trial. Celotex, 477 U.S. at 322-23. To avoid summary judgment, the nonmovant must go beyond the pleadings and come forward with specific facts, "by [his] own affidavit" or otherwise, showing that a genuine, material issue for trial exists. Id. at 324; Fed. R. Civ. P. 56(e). A nonmovant has an obligation to present affirmative evidence to support his claims. Settle v. Ross, 992 F.2d 162, 163-64 (8th Cir. 1993). A litigant's verified complaint is generally considered an affidavit for purposes of summary judgment. Burgess v. Moore, 39 F.3d 216, 218 (8th Cir. 1994).

### III. Analysis

Defendant Byus is the Administrator of Medical/Dental Services for the Arkansas Department of Correction ("ADC"). He is also an employee of the ADC, not CMS. He is responsible for ensuring that a program exists whereby inmates housed within the ADC are provided access to medical practitioners to resolve acute care and long-term health problems. According to Defendant Byus, CMS is responsible for the supervision and training of its medical staff pursuant to a Professional Services Contract between the ADC and CMS. This contract requires CMS to provide medical services and holds it medically and legally responsible for all medical treatment decisions. Defendant Byus is not a physician, he is not involved in the day-to-day delivery of medical services, and he does not train or supervise CMS medical personnel;[4] therefore, he contends that he cannot be vicariously liable for the actions or inactions of CMS employees and the doctrine of respondeat superior is an improper basis upon which to base constitutional liability (see

---

[4] i.e, Defendants Green and Grandy.

docket entries #80, attached Affidavit & #81).  Defendant Byus further contends that although he did receive a copy of former Defendant and Deputy Director Mobley's response to Plaintiff's Grievance No. MX-03-1627, the purpose of that referral was to enable him to review policy and procedure to assist in preventing future disruptions of chronic care medications for all ADC inmates, not to Plaintiff specifically.

Plaintiff seeks to hold Defendant Byus liable on the grounds that he was made aware of his medical situation by former Defendant Mobley through the grievance process, that he failed to take any action to rectify the situation or to protect Plaintiff, and that he failed to discipline the medical personnel involved, his subordinates, Defendants Green and Grandy (see docket entry #85).  Plaintiff counters the motion for summary judgment by saying that if Defendant Byus' responsibility is to "assist" in preventing future disruptions of chronic care medications for all ADC inmates, as so stated in Defendant Byus' Affidavit, then it was incumbent upon him once notified to consult with, sanction, replace, or discipline Defendants Green and Grandy.  Plaintiff further counters that his chronic care medication was denied again between October 13, 2003, and November 6, 2003 (see Grievance No. MX-03-2865, Exhibit A to docket entry #86), after referral was made to Defendant Byus to "assist."  Thus, it is Plaintiff's position that Defendant Byus knew about Defendant Green's and Grandy's conduct and facilitated it, approved it, condoned it, and turned a blind eye for fear of what he might see (see docket entry #86 & attached exhibits).

For a defendant to be held liable under § 1983, he or she must have personally participated in, or had some responsibility for, the particular act which deprived the plaintiff of a constitutionally protected right.  Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999); Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990).  "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."  Madewell, 909 F.2d

at 1208 (citing Rizzo v. Goode, 423 U.S. 362, 370-71, 375-77 (1976); Cotton v. Hutto, 577 F.2d 453, 455 (8th Cir. 1978) (per curiam)).  The doctrine of respondeat superior is generally an improper basis upon which to rest a § 1983 claim because an individual cannot be held liable solely on the actions or inactions of his or her subordinates.  Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995).  Moreover, "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability."  Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997) (quoting Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995)).

Generally, a supervisory official cannot be liable under § 1983 for alleged medical mistreatment unless he was personally involved in the violation or where his corrective inaction constitutes deliberate indifference toward the violation.  Boyd, 47 F.3d at 968 (citing Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993)); see also Johnson v. Lockhart, 941 F.2d 705, 707 (8th Cir. 1991) ("Abdication of policy-making and oversight responsibilities can reach the level of deliberate indifference when tacit authorization of subordinates' misconduct causes constitutional injury").  To be held liable, a supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what [he or she] might see."  Boyd, 47 F.3d at 968 (quoting Ripson v. Alles, 21 F.3d 805, 809 (8th Cir. 1994)).

Defendant Byus is Administrator of Medical/Dental Services for the ADC.  The ADC contracts with CMS to provide inmates with medical care.  Defendant Byus has filed a sworn affidavit attesting that he is not a physician, he is not involved in the day-to-day delivery of medical services, he does not train or supervise any CMS medical personnel, and he is not an employee of CMS.  His only connection to this matter is through former Defendant Mobley who, in his response to Plaintiff's Grievance No. MX-03-1627, asked

Defendant Byus to review policies and procedures in an effort to prevent future disruption of chronic care medications to all ADC inmates. Defendant Byus was not personally involved in the alleged denial of Plaintiff's glaucoma medication, nor did he have direct responsibility for the alleged deprivation of Plaintiff's rights. Most relevant, Defendant Byus is an ADC employee and neither Defendant Green nor Grandy are his subordinates; therefore, § 1983 liability cannot attach. Under the circumstances, he does not have the authority to facilitate, approve, condone, or ignore non-subordinate CMS employees' alleged conduct. For these reasons, Plaintiff's complaint against Defendant Byus is dismissed with prejudice for failure to state a claim.

### IV. Conclusion

In accordance with the above, IT IS, THEREFORE, ORDERED that:

1. Defendant Byus' motion to dismiss (docket entry #80) is GRANTED and Plaintiff's claims against him are dismissed with prejudice.

2. This case will be permitted to proceed against Defendants Evans, Green, Simmons, James, and Grandy.

DATED this 29th day of March, 2006.

_____
UNITED STATES MAGISTRATE JUDGE